|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF PUERTO RICO | |
| ADVANCE EXPORT, INC., et al., | |
| Plaintiffs, | Civil No. 06-1527 (JAF) |
| v. | |
| MEDLINE INDUSTRIES, INC., | |
| Defendant. | |

**OPINION AND ORDER**

Before the court is Plaintiffs' motion for reconsideration, filed on August 1, 2006. Docket Document No. 33. Plaintiffs urge us to revisit our July 20, 2006, Opinion and Order in which we found that Plaintiff Advance Export, Inc. ("AEI") is not a qualified dealer under the Dealer's Act of Puerto Rico, 10 L.P.R.A. § 278 (2004)("Law 75"). Docket Document No. 30. Defendants opposed Plaintiffs' motion for reconsideration on September 11, 2006. Docket Document No. 39. For the reasons stated below, we deny Plaintiffs' motion.

**I.**

**Analysis**

Motions for reconsideration "are entertained by courts if they seek to correct manifest errors of law or fact, present newly-discovered evidence, or when there is an intervening change in the law." Lima-Rivera v. UHS of P.R., Inc., No. 04-1798, 2005 WL 2095786 at *1 (D.P.R. Aug. 30, 2005)(citing Jorge Rivera Surillo & Co. v.

Civil No. 06-1527 (JAF)                                                     -2-

Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994)). Plaintiffs argue that the court incorrectly concluded that AEI is not a qualified dealer within the meaning of Law 75 because we: (1) misconstrued the definition of a dealer; (2) failed to liberally construe the requirements of the Law 75, as courts are required to do pursuant to Article 4, 10 L.P.R.A. § 278c; (3) relied on unpublished cases; and (4) misinterpreted the holding in Beatty Caribbean, Inc. v. Viskase Sales Corp., 241 F. Supp. 123, 129 (D.P.R. 2003).[1] Docket Document No. 33. In the alternative, Plaintiffs assert that, even if dealers must distribute goods in Puerto Rico to qualify for protection under Law 75, the court should nonetheless find that AEI is a qualified dealer since it distributes other, albeit unrelated, products in Puerto Rico. Id. Finally, Plaintiffs request that the court certify the question as to whether AEI qualifies as a dealer to the Puerto Rico Supreme Court. Id. We briefly address each of these arguments in turn.

    **A.**   **Definition of a Dealer**

Plaintiffs assert that the court erred in finding that AEI is not a qualified dealer because it does not distribute any of Defendant's products in Puerto Rico. Docket Document No. 33. According to Plaintiffs, the actual place of distribution is irrelevant so long as the dealer operates a substantial portion of

---

[1] For a full recitation of the facts in this case, see our July 20, 2006, Opinion and Order. Docket Document No. 30.

its distribution business in Puerto Rico. <u>Docket Document No. 33</u>. Plaintiffs assert that their interpretation of a qualified dealer is supported by both the legislative history of Law 75 and the First Circuit's analysis in <u>A.M. Capen's Co. v. Am. Trade and Prod. Corp.</u>, 202 F.3d 469 (1st Cir. 2000). <u>Id.</u> We disagree.

First, Plaintiffs cite to <u>Gemco Latinoamerica, Inc. v. Seiko Time Corp.</u> ("<u>Gemco</u>"), in which the Puerto Rico Supreme Court stated that "the purpose of [Law 75] is to protect the interest of commercial distributors <u>working in Puerto Rico</u>." <u>Id.</u> (quoting <u>Gemco</u>, 623 F. Supp. 912, 918 (D.P.R. 1985)(emphasis in original)). However, Plaintiffs' reliance on <u>Gemco</u> is misplaced because the plaintiff in <u>Gemco</u> not only operated its business out of Puerto Rico but also distributed goods in Puerto Rico. 623 F. Supp. at 914. As such, <u>Gemco</u> hardly stands for the proposition that a qualified dealer need not distribute goods in Puerto Rico so long as it operates its business in the Commonwealth. Moreover, the Supreme Court of Puerto Rico has clearly stated in numerous other cases that the legislative intent of Law 75 was to protect dealers that actually distribute goods in Puerto Rico. <u>See</u> <u>Roberco, Inc. v. Oxford Industries, Inc.</u>, 122 D.P.R. 115, 22 P.R. Offic. Trans. 107, 112 (1988)(stating that the legislature intended to protect "local dealers . . . [that] have created a favorable market for their goods and services <u>in Puerto Rico</u>" (emphasis added)); <u>Pacheco v. Nat'l W. Life Ins. Co.</u>, 22 P.R. Offic. Trans. 49, 59 (1988)("Act No. 75 sought to regulate the

Civil No. 06-1527 (JAF)                                              -4-

termination of the relationship between principals and distributors of goods and services <u>in the Puerto Rican market</u>." (emphasis added)).

Next, Plaintiffs assert that we failed to apply the First Circuit's test for a qualified dealer as set out in <u>A.M. Capen's Co. v. Am. Trade and Prod. Corp.</u>, 202 F.3d 469 (1st Cir. 2000). <u>Docket Document No. 33</u>. In <u>A.M. Capen's Co.</u>, the plaintiff distributed products in Puerto Rico from its offices in New Jersey. 202 F.3d at 471. The First Circuit found that, even though the plaintiff distributed goods in Puerto Rico, it did not qualify as a protected dealer because it did not have a substantial presence in Puerto Rico, i.e., it did not have office space, employees, a warehouse, or any other assets in Puerto Rico. <u>Id.</u> at 474-75. Plaintiffs assert that, because the court never discussed whether the plaintiff distributed goods in Puerto Rico, this case proves that it is "the presence of the distributor's operations within Puerto Rico's borders, and not its sales in Puerto Rico" that determines whether a distributor is a qualified dealer under Law 75. <u>Docket Document No. 33</u>. However, this inference is unfounded. The fact that the court did not explicitly state that the distribution of goods in Puerto Rico was a requirement of a qualified dealer, does not mean that this requirement does not exist. The court may have found it unnecessary to discuss the issue since it was not a contested issue. <u>See</u> <u>A.M. Capen's Co.</u>, 202 F.3d at 471 (stating that it was undisputed that plaintiff distributed goods in Puerto Rico).

Civil No. 06-1527 (JAF)                                                -5-

Moreover, Plaintiffs have not pointed to a single case in which a distributor was found to be a qualified dealer under Law 75, even though it did not distribute goods in Puerto Rico. Docket Document No. 33. Accordingly, we affirm our finding that AEI is not a qualified dealer under Law 75 because it does not distribute goods in Puerto Rico.

### B.   Law 75's Rule of Statutory Construction

Plaintiffs assert that the court "failed to consider and apply the specific rule of statutory construction for interpreting Law 75" which states that the provisions of Law 75 ought to be "liberally construed." Docket Document No. 33 (citing 10 L.P.R.A. § 278c (2004)("Article 4 of Law 75")). Article 4 states, in relevant part:

> This chapter being of a remedial character, should, for the most effective protection of such rights, be liberally interpreted; in the adjudgment of the claims that may arise hereunder, the courts of justice shall recognize the rights in favor of whom may, effectively, have at his charge the distribution of activities, notwithstanding the corporate or contractual structures or mechanisms that the principal or grantor may have created or imposed to conceal the real nature of the relationship established.

10 L.P.R.A. § 278c. We understand this provision to mean that courts should carefully scrutinize the relationship between a principal and its alleged distributor to ensure that the principal does not purposely conceal aspects of the business relationship so as to avoid liability under Law 75. Cf. R.W. Int'l Corp. v. Welch Food, 13 F.3d

478, 482-83, 486 (1st Cir. 1994)(liberally construing the definition of a supplier-dealer relationship to apply to the parties' business arrangement despite defendant's assertion that Law 75 should not apply; defendant had argued that the parties were allegedly in a trial phase during which negotiations were still ongoing).

We fail to see how Article 4 is relevant to the issue at hand. This not a situation in which the defendant is purposely hiding some aspect of the relationship so as to avoid liability under Law 75. The issue here is whether Law 75 applies to principal-dealer relationships in which the alleged dealer operates out of Puerto Rico but does not distribute goods in Puerto Rico. As stated in our July 20, 2006, Order, based on the text of Law 75 and the Puerto Rico Supreme Court's interpretation of the statute, it is clear that a qualified dealer is one that distributes goods <u>in</u> Puerto Rico, and there is no way to liberally construe the statutory language to find otherwise. <u>Docket Document No. 30</u>. Accordingly, we find that Plaintiffs' argument regarding statutory construction fails.

**C.   Use of Unpublished Cases**

According to Plaintiffs, we should not have relied on <u>Dynamic Merchandising, Inc. v. The Pillsbury Co.</u>, No. DDP2004-0259, 2005 WL 1105123 (T.C.A. Apr. 20, 2005), a case from an appellate court in Puerto Rico. <u>Docket Document No. 33</u>. They argue that "it is an error of law to base a decision on an unpublished judgment issued by the Puerto Rico Court of Appeals." <u>Id.</u> However, contrary to

Plaintiffs' contention, we did not cite <u>Dynamic Merchandising, Inc.</u> as controlling precedent. Rather, we used the case as persuasive authority, which Plaintiffs concede is appropriate. <u>Id.</u> (citing 4 L.P.R.A. § 24x (2004)); <u>Rivera Maldonado v. E.L.A.</u>, 119 D.P.R. 74, 80 (1983).

### D. **Our Interpretation of Beatty Caribbean, Inc. v. Viskase Sales Corp.**

Plaintiffs assert that we misapprehended the holding in <u>Beatty Caribbean Inc. v. Viskase Sales Corp.</u>, 241 F. Supp. 123 (D.P.R. 2003). However, this argument is wholly unpersuasive. Plaintiffs fail to explain how we committed an error of law and, instead, merely rehash the arguments they presented in their Opposition to Defendant's Motion to Dismiss. <u>See</u> <u>Docket Document Nos. 21, 33</u>.

### E. **Plaintiffs' Distribution of Unrelated Products in Puerto Rico**

Plaintiffs assert that, even if the court is correct in finding that AEI is not a qualified dealer because it does not distribute Defendant's products in Puerto Rico, the court should nonetheless find that AEI is protected by Law 75 because it distributes other products in Puerto Rico that are unrelated to this lawsuit. <u>Docket Document No. 33</u>. We fail to see how this is possible.

Law 75 is a protective statute that permits the supplier in a distribution contract to terminate a dealership contract only for "just cause." 10 L.P.R.A. § 278a. It would not make sense to subject suppliers to liability under Law 75 and require them to prove

Civil No. 06-1527 (JAF)                                                    -8-

that they terminated their relationship with a local dealer for "just cause" unless the local dealer was in the business of distributing goods belonging to that particular supplier.

Accordingly, Plaintiffs' argument fails. Plaintiffs cannot bring a lawsuit under Law 75 against Defendant Medline Industries, Inc. based on the fact that they distribute non-Medline products in Puerto Rico.

### F.   Certification to the Puerto Rico Supreme Court

Plaintiffs assert that we should submit the issue of whether AEI is a qualified dealer under Law 75 to the Puerto Rico Supreme Court because this is a difficult and unsettled question of state law. Docket Document No. 33. We decline to do so. As we stated in our July 20, 2006, Order, the Puerto Rico Supreme Court may not have addressed this issue directly, but it has repeatedly stated in dicta that a qualified dealer is one that distributes goods in Puerto Rico. Docket Document No. 30; see also Acosta-Mestre v. Hilton Int'l, 156 F.3d 49, 54 (1st Cir. 1998) (declining to resort to the certification process because "[w]hile there [was] no black-letter precedent in Puerto Rico . . . [the court found] relatively clear the course that the courts of that jurisdiction would take"). Secondly, "parties who choose to litigate state law questions in federal court under diversity jurisdiction are presumptively disallowed a second bite at the apple via the certification process." Basic Controlex Corp. v. Klockner Moeller Corp., 202 F.3d 450, 453 n.2 (1st Cir. 2000).

## II.

## Conclusion

For the foregoing reasons, we **DENY** Plaintiffs' Motion for Reconsideration. Docket Document No. 33.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 19th day of March, 2007.

                                        S/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge